IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID POLLOCK**, | Case No. 3:23-cv-00191-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| **AMICA MUTUAL INSURANCE CO.**, | |
| Defendant. | |

Brooks MacInnes Foster and Bradley T. Crittenden, Chenoweth Law Group, LLC, 510 SW Fifth Ave., Fourth Floor, Portland, OR 97204. Attorneys for Plaintiff.

Jeffrey W. Hansen, John R. Barhoum, and Jordyn M. Parsons, Chock Barhoum LLP, 121 SW Morrison St., Ste. 500, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Plaintiff David Pollock's Motion for Partial Summary Judgment on the sole issue of whether Defendant Amica Mutual Insurance Company has a duty to indemnify Plaintiff. Motion for Partial Summary Judgment ("MPSJ"), ECF 48. Plaintiff brings claims for breach of insurance contract and declaratory judgment against Defendant. Plaintiff alleges that Defendant wrongfully refused to defend and indemnify him

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

against claims brought by the City of Portland after a landslide originating on Plaintiff's property caused damage to the neighboring private and public property. Complaint ("Compl."), ECF 1, Ex. 3 at 8–9.

This Court previously granted Plaintiff's first partial summary judgment motion, finding that Defendant owed Plaintiff a duty to defend. Op. and Order, ECF 39; Am. Op. and Order, ECF 42. Plaintiff now moves for partial summary judgment on the issue of Defendant's duty to indemnify. Plaintiff argues that Defendant has a contractual duty to indemnify Plaintiff for the City's Claims against him under the operative Insurance Policies. *See* MPSJ, ECF 48 at 15–25. Defendant opposes the motion. Response to Motion for Partial Summary Judgment ("Resp."), ECF 49. It argues that the damages for which Plaintiff is liable to the City, are damages to his own property, which is excluded under the Policies. *Id.* at 7–13.

For the reasons explained below, no genuine disputes of material fact remain as to Defendant's duty to indemnify, and Plaintiff is entitled to partial summary judgment.

## LEGAL STANDARDS

"Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). Material facts are those which might affect the outcome of the suit, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."

PAGE 2 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party meets its burden, the opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). "'If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249–50). However, at this stage, this Court does not weigh the evidence or assess the credibility of witnesses, but instead simply determines whether there is a genuine factual issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008).

## BACKGROUND

### A. Property Damage

Plaintiff owns property on Skyline Boulevard in Portland, Oregon (the "Property"). Joint Statement of Agreed & Disputed Facts ("Agreed Facts"), ECF 47 ¶ 1. On February 5, 2017, a landslide occurred on the Property. *Id.* ¶ 2.

On February 8, 2017, the City of Portland issued a Notification of Order to Stabilize and Repair ("City's Claim") to Plaintiff. *Id.* ¶ 3. The Claim stated that "landslide events have caused damage to your property" and informed Plaintiff that the conditions of his property were a "hazard" under Portland City Code ("PCC") 27.70.030. City's Claim, ECF 47, Ex. 75 at 1. Specifically, "[p]ortions of the property (i.e. slope) . . . are unstable and present a potential hazard." *Id.* PCC 27.70.030 states:

> The Director [of the Bureau of Development Services] may determine that any clearing, grading, or geologic condition on private property has or may become a hazard to life and limb, or endanger property, or cause erosion, or adversely affect drainage or the safety, use or stability of a public way or drainage channel. Upon receipt of notice in writing from the Director, the owner shall mitigate the hazard and be in conformity with the requirements of this Title. The Director may require

that plans and specifications and engineering reports be prepared in compliance with this Chapter.

The Claim further informed Plaintiff that he is "required to mitigate the hazard and address the safety of the property and the public." City's Claim, ECF 47, Ex. 75 at 1. To mitigate the hazard, the Claim instructed Plaintiff to take immediate steps to temporarily stabilize his property and to work with a geotechnical engineer to permanently stabilize his property by June 14, 2017. *Id.* at 2. The Claim directed Plaintiff to submit plans for permanent stabilization to the City that contain the following information: the "[g]eneral vicinity of the site[;]" "[d]rainage channels, devices, and structures prior to and following the work[;]" "locations of structures or buildings on the property and within fifteen (15) feet of the property[;]" and a geotechnical engineering report that "shall include an investigation of soil and groundwater conditions." *Id.* at 4. The Claim stated that "a lien may be placed against the property" if he did not take the above steps and get approval by a City inspector within 30 days. *Id.* at 3.

On May 4, 2017, the City issued Plaintiff a second Notification of Order to Stabilize and Repair ("City's Amended Claim"). Agreed Facts, ECF 47 ¶ 9. The Amended Claim informed Plaintiff that although "temporary stabilization measures had been installed," the City had still not received "a permit application for permanent stabilization work." ECF 47, Ex. 35 at 1. The Amended Claim described the damage: "a landslide originating on the property damaged the property, the adjacent public right of way, the public drainage system within the public right of way, private property on the opposite side of the roadway, a passenger vehicle traveling within the southbound lane of the public roadway, and overhead private utilities within the right of way." *Id.* The City reiterated that it had "determined the conditions to be a hazard" under PCC 24.70.030, and that Plaintiff had a duty to "mitigate the hazard" and submit plans for permanent

stabilization that contain the information enumerated in the February notice. *Id.* The notice also reiterated that permanent stabilization work must be completed by June 14, 2017. *Id.* at 2.

## B.  Insurance Policies

At the time of the landslide, Plaintiff had two insurance policies in effect that he had purchased from Defendant for the Property: a homeowner's policy and an umbrella policy. Agreed Facts, ECF 47 ¶ 4. Both policies provide defense coverage in the event a "claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies . . . ." Homeowner's Policy, ECF 50-1 at 29; Umbrella Policy, ECF 50-2 at 13. If the foregoing is shown, Defendant would be obligated to "[p]ay up to [its] limit of liability for the damages for which an insured is legally liable." Homeowner's Policy, ECF 50-1 at 29 (emphasis omitted); Umbrella Policy, ECF 50-2 at 13 (emphasis omitted).

Both policies also contain owned property exclusions. The homeowner's policy states that it does not apply to:

> Property damage to property owned by an insured. This includes costs or expenses incurred by an insured or others to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from an insured location[.]

ECF 50-1 at 32 (emphasis omitted). Similarly, the umbrella policy states:

> The coverages provided by this policy do not apply to: . . . "Property damage" to property owned by an "insured[.]" This includes costs or expenses incurred by an "insured" or others to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from the residence premises shown in the Declarations[.]

ECF 50-2 at 14–16.

**C. Plaintiff's Requests for Coverage**

On February 8, 2017, after receiving the City's Claim, Plaintiff requested coverage from Defendant. Agreed Facts, ECF 47 ¶ 7. Defendant denied coverage, citing the land-and-earth-movement exclusion in the homeowner's policy. *Id.* ¶ 8. After Plaintiff received the City's Amended Claim, he again requested defense coverage from Defendant. *Id.* ¶ 10. Defendant again denied Plaintiff's request, citing the policies' owned property exclusions and Defendant's conclusion that the City had not filed a "suit" against Plaintiff. *Id.* ¶ 12. Defendant, however, also noted that it "need[ed] additional information to determine whether [Plaintiff] [was] being held liable for [the] property damage claims alleged by the City of Portland," thus leaving open the door to possible coverage. June 9, 2017, Letter, ECF 47 at 127.

A couple months later, Defendant completed its investigation and confirmed its denial of defense coverage, telling Plaintiff:

> We have determined the City of Portland is not pursuing [Plaintiff] for any third party damages as a result of the subject landslide nor do they intend on pursuing any third party damages in the future. Therefore, in the absence of any third party claim for damages from the City of Portland, there is no duty to defend [Plaintiff] in this matter.

August 22, 2017, Letter, ECF 47, Ex. 21 at 1.

Plaintiff then brought this suit, on January 9, 2023, alleging breach of contract and seeking declaratory relief and damages for Defendant's failure to defend and indemnify him. Compl., ECF 1, Ex. 3. On October 27, 2023, Plaintiff moved for partial summary judgment, arguing that Defendant owed him a duty to defend. Plaintiff's First Motion for Partial Summary Judgment, ECF 29. This Court granted that motion, finding that Defendant did have a duty to defend Plaintiff. Op. and Order, ECF 39; Am. Op. and Order, ECF 42.

**DISCUSSION**

Plaintiff seeks partial summary judgment establishing that Defendant has a duty to indemnify him against all legal liability for past and future costs resulting from the City's Claims. Plaintiff argues that summary judgment is appropriate because he is legally liable for damages to third-party property, and that under the Policies, Defendant must pay up to its limit of liability for the damages for which Plaintiff is liable. MPSJ, ECF 48 at 20–25. Defendant argues that Plaintiff has not presented evidence which establishes he is legally liable to the City for third-party property damage. Resp., ECF 49 at 7. Defendant argues that since its duty to indemnify is only triggered if Plaintiff becomes legally liable for damage to third-party property, and a trier of fact could find that Plaintiff is only liable to the City for damage to his *own* property, genuine issues of fact therefore remain regarding its duty to indemnify. Resp., ECF 49 at 10–13.

As discussed below, this Court finds that Plaintiff has met his initial burden of identifying evidence that demonstrates an absence of any genuine issue of material fact as to his liability to the City for third-party property, and thus Defendant's duty to indemnify. By contrast, Defendant has failed to present evidence showing there is a genuine issue for trial. Accordingly, this Court grants Plaintiff's motion for partial summary judgment and finds that Defendant has a contractual duty to indemnify Plaintiff against all legal liability for past and future costs resulting from the City's Claims.

**A. Duty to Indemnify**

Under Oregon law, "the duty to indemnify is independent of the duty to defend." *Ledford v. Gutoski*, 319 Or. 397, 403 (1994) (en banc). "In order for the duty to indemnify to arise, the insured must be liable for harm or injury that is covered by the policy." *Id.* at 405. "To allow

coverage beyond" what is covered—"for example, to require an insurer to cover a loss that is otherwise subject to an exclusion—would be to allow the insured to obtain more than it bargained for: coverage for a noncovered claim." *Atl. Specialty Ins. Co. v. Or. Sch. Bds. Ass'n Prop. & Cas. Coverage for Educ. Tr.*, 649 F. Supp. 3d 998, 1015 (D. Or. 2022) (internal quotations omitted) (quoting *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222, 227 (1996)). Where the scope of coverage is disputed, "the insured has the burden to prove coverage while the insurer has the burden to prove an exclusion from coverage." *Fountaincourt Homeowners' Ass'n v. Fountaincourt Dev., LLC*, 360 Or. 341, 360 (2016) (internal quotation marks omitted) (cleaned up).

### 1. Defendant has a Duty to Indemnify Plaintiff Because He has Established that He is Legally Liable for the City's Claims.

The Policies state: "If a claim is made or a suit is brought against an insured for damages because of . . . property damage caused by an occurrence," the insurer must pay up to its "limit of liability for the damages for which an insured is legally liable." Homeowner's Policy, ECF 50-1 at 29 (emphasis omitted); Umbrella Policy, ECF 50-2 at 13. (emphasis omitted). The Parties agree that the City's Claims constitute a claim or suit, *see* Op. and Order, ECF 42 at 10; that the landslide caused property damage, *id.* at 8–9; and that the landslide constituted an occurrence during the policy periods, *See* Agreed Facts, ECF 47 at 2 ¶ 2. The Parties' sole dispute is whether Plaintiff has met his burden of pointing this Court to material in the case that establishes, as a matter of law, that he is liable to the City for damage to third-party property, triggering Defendant's duty to indemnify. We conclude that Plaintiff has done so.

Plaintiff argues that "the evidence here leaves no room for doubt" that "[he] is legally liable because of third-party property damage." Reply, ECF 51 at 11. The evidence Plaintiff has pointed this Court to includes: (1) the City's Claims, (2) expert opinions that the landslide

PAGE 8 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

damaged and continues to damage third-party property, and (3) the parties' joint stipulation that Pollock is legally liable for the City's Claims.

Defendant argues that summary judgment is inappropriate because a trier of fact could find that Plaintiff is only liable for damage to his *own* property, triggering the owned property exclusions and precluding indemnification. Resp., ECF 49 at 7–9. Defendant also argues that Plaintiff is not legally liable since there is "no underlying judgment, there is no determination or award of damages yet in this case, and there is no conclusive directive from the City for damages or repairs for its own property." *Id.* at 13. This Court finds that the evidence establishes Plaintiff's liability for third-party property, triggering Defendant's duty to indemnify under the Policies.

### a. The City's Claims Establish that Plaintiff is Liable for Damage to Third-Party Property.

The Parties agree that "[Plaintiff] is legally liable for the City's Claims." Agreed Facts, ECF 47 ¶ 24. The question is whether the City's Claims merely make Plaintiff legally liable for damage to his own property, which is excluded by the Policies, or instead for damage to third-party property, which is covered. This Court begins by examining the text of the City's Claims.

The Amended Claim enumerates the damages as including damage to Plaintiff's property as well as public property and another's private property. This is damage to property other than Plaintiff's. Immediately after the sentence listing the affected properties, the Amended Claim states: "We have determined the conditions to be a hazard . . . and remedies are required to mitigate the hazard and address the safety of the property, the public right of way, and the adjacent private property." City's Amended Claim, ECF 47, Ex. 35. That damage to third-party property constituted a hazard under City Code that Plaintiff was ordered to remedy to comply with the law.

PAGE 9 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant argues that "[Plaintiff] has not submitted remediation plans to the City, applied for permits, or provided evidence of an unambiguous directive by the City to make repairs to the drainage ditch," which is on City property. Resp., ECF 49 at 8. Defendant argues that it is not enough for third-party property to be damaged; the City must have required Plaintiff to repair that property. *Id.* But as Plaintiff points out, the Policies do not require him to prove he is liable for costs to perform work on third-party property; rather, they require Defendant to pay up to its "limit of liability for the damages for which [Pollock] is legally liable." Homeowner's Policy, ECF 50-1 at 29 (emphasis omitted); Umbrella Policy, ECF 50-2 at 13 (emphasis omitted). Therefore, the City's orders requiring Plaintiff to remedy the damage to the public right of way constitutes "damages for which [Plaintiff] is legally liable" under the Policies.

Defendant also argues that "there is no 'underlying action,' judgment or order that solidifies [Plaintiff]'s obligation to remediate the damages to third-party property that are ambiguously referenced [in] the City notices." Resp., ECF 49 at 9. Defendant is incorrect. The City's Claims are government orders that legally require Plaintiff to remedy the property damage, including damage to the public right of way. The Claims are both entitled "Notice of **Order** to Stabilize and Repair." ECF 47, Ex. 75 at 1 (emphasis added); ECF 47, Ex. 35 at 1 (emphasis added). The Claims do not distinguish between Plaintiff's obligations to repair his property and the public property. As Plaintiff points out, the City's Claims function "not only as claims but also as legal orders or directives." Reply, ECF 51 at 7. Just as a property owner is liable to the county for paying property taxes, and the county can place a lien on the property if he fails to pay, Plaintiff is liable to the City for remedying the property damage, including to public property, or else the City could place a lien on it.

Defendant further argues that "the City has not affirmed, required, directed, or indicated that [Plaintiff] make repairs to [the drainage ditch]." Resp., ECF 49 at 8. For purposes of determining Plaintiff's liability to the City—and thus Defendant's duty to indemnify—all that Plaintiff must show is that he is liable to the City for property that is not his own. The City's Amended Claim, which explicitly orders Plaintiff to remedy "the hazard and address the safety of . . . the public right of way," does just that. That the City did not explicitly direct Plaintiff to make repairs to the drainage ditch is immaterial since it directed him to remedy other third-party property.

### b.  Evidence Shows There is Actual Damage to Third-Party Property.

Expert opinions from both Plaintiff's and Defendant's experts show there is actual damage to third-party property. Pollock's expert Tim Blackwood found that "[t]he property that was affected by the landslide included the Pollock Property, the public right of way and drainage ditch, and other property." Report of Tim Blackwood, ECF 47 at 261 § 2.2. "Material from the 2017 landslide continues to affect the drainage system on the northwest side of Skyline Boulevard." *Id.* at 261 § 2.3 (citation omitted). A February 2024 survey shows the landslide debris extending approximately 20 feet into the right-of-way owned by the City, which is third-party property. *Id.*, Attachment E, at 286. Defendant's expert, Charles Hammond, agrees that the landslide "damaged the Pollock property upslope of the roadway, and the right-of-way for the roadway." Report of Charles Hammond, ECF 47 at 233.

This evidence establishes that there is in fact damage to third-party property, which Plaintiff is liable to the City for remedying. Defendant argues that the fact that their experts "agree that the drainage ditch on City property *was* damaged by the landslide does not mean that those are damages that the City intends to hold Mr. Pollock liable for or that a factfinder would

conclude Mr. Pollock is responsible for." Resp., ECF 49 at 7 (emphasis in original). But the fact that there is actual damage to the public right of way, which the City ordered Plaintiff to remedy, shows that there is third-party property damage that he must remedy to comply with the City's Orders. As Plaintiff argued in his Reply, Defendant's reference to the City's *intent* to hold Pollock liable, as some future determination the City has yet to make, misstates Pollock's liability. Reply, ECF 51 at 7. It is not a decision the City has yet to make; rather, the City has already "succeeded in imposing legal liability on [Plaintiff]" for remedying this damage in its two Orders. *Id.* (emphasis omitted).

### c. The Parties Stipulated that Pollock is Legally Liable for the City's Claims, Which Include Damage to Third-Party Property.

Finally, the parties have stipulated that "Pollock is legally liable for the City's Claims." Agreed Facts, ECF 47 ¶ 24. As outlined above, the City's Claims imposed liability on Pollock for remedying damage to his property *and* third-party property, including the public right of way. *See* City's Claim, ECF 47, Ex. 75 at 1; City's Amended Claim, ECF 47, Ex. 35 at 1.

Defendant argues that this stipulation does not conclude that Defendant is obligated to indemnify Plaintiff under the Policies, because the damages for which Plaintiff is liable may be subject to the owned property exclusion. Resp., ECF 49 at 14. But contrary to Defendant's arguments, no triable issues of fact remain as to whether Pollock is liable for damage to third-party property. Defendant has not met its burden of proving, as the insurer, that a coverage exclusion applies. All Defendant has given this Court is the hypothetical that "[a] jury could reasonably find that the City notices do not require [Plaintiff] to pay for damages to City property," Resp., ECF 49 at 12, but it does not point to evidence that a jury could rely on in reaching that finding. Under Oregon law, the interpretation of an insurance policy is a question of law. *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Or.*, 313 Or. 464, 469 (1992).

PAGE 12 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

By contrast, Plaintiff has shown that the City Claims imposed liability on him for damage to third-party property, and expert reports have confirmed that there is actual damage to that property. This Court is unpersuaded that the Parties' stipulation leaves any outstanding question for a trier of fact about Plaintiff's liability to the City; as the Claims state, he is liable for remedying damages to "the property, the public right of way, and the adjacent private property." City's Amended Claim, ECF 47, Ex. 35 at 1.

Defendant also argues that the cases Plaintiff analogizes to in arguing that the stipulation establishes his legal liability to the City are "not controlling because both of these cases reached a resolution that specified the final damages amount that the insured had become legally obligated to pay." ECF 49 at 10. This Court addresses each case in turn.

Plaintiff relies on two cases. First, *Fountaincourt Homeowners' Association v. Fountaincourt Development, LLC*, where the Oregon Supreme Court affirmed a trial court's entry of judgment in damages against an insured subcontractor that a jury found liable in the underlying case. 360 Or. 341, 346 (2016). There, a jury held the insured subcontractor liable, resulting in entry of judgments for over $485,000 in damages against the insured. *Id.* The insurer denied indemnity coverage for the judgment on several grounds. *Id.* at 347. In a garnishment proceeding determining the insurer's liability, the trial court admitted the record from the underlying trial into evidence and the parties presented expert witness testimony. *Id.* at 349–50. The trial court concluded that the claimant had met its prima facie burden of proving coverage under the policies, whereas the insurer failed to prove exclusion. *Id.* at 350. The trial court entered judgment for the claimant, and the court of appeals affirmed. *Id.* at 350–52. After reviewing the insurance policy and the underlying judgment and record, the Oregon Supreme Court affirmed both the trial court and court of appeals. *Id.* at 345–369.

PAGE 13 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff also analogizes to *Hospitality Management, Inc. v. Preferred Contractors Insurance Company*, where Magistrate Judge You affirmed that a stipulated judgment had the same effect as a judgment that is entered after trial on the merits of a claim in determining policy coverage and triggering the insurer's duty to indemnify. No. 3:18-CV-00452-YY, 2021 WL 3700264 at \*8 (D. Or. Mar. 17, 2021), *report and recommendation adopted*, No. 3:18-CV-452-YY, 2021 WL 2813610 (D. Or. July 6, 2021). That case involved an underlying claim against a subcontractor for bad-faith breach of duty to settle and breach of contract. *Id.* at \*1. A subcontractor filed a third-party complaint against the plaintiff-insured, and the defendant-insurer agreed to defend the plaintiff. *Id.* After the insurer rejected settlement offers that plaintiff demanded it take, the plaintiff stipulated to a judgment with the third-party subcontractor to which it was liable. *Id.* at \*2. On summary judgment, the plaintiff argued that the stipulated judgment triggered the defendant's duty to indemnify under the policies. *Id.* at \*8. The defendant-insurer argued that the plaintiff had not established coverage because it provided no evidence that the third-party was found liable in tort in the underlying case. *Id.* Judge You rejected defendant's argument and affirmed that a "stipulated judgment has the same effect as a judgment that is entered after a trial on the merits of a claim." *Id.* (internal quotation marks omitted). Relying on the facts developed at the time of the plaintiff's stipulated judgment and finding that the plaintiff had established $2 million in liability coverage, triggering the insurer's duty to indemnify, Judge You recommended that plaintiff be entitled to summary judgment in that amount. *Id.* at \*10–14.

Plaintiff acknowledges that his case is dissimilar because it does not involve a judgment, and "the City's Claims do not state or otherwise determine the exact amount of the insured's legal liability for damages and some of that liability has been estimated but not yet incurred."

PAGE 14 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MPSJ, ECF 48 at 14–15. He argues these cases are nonetheless "closely analogous" because "in lieu of a judgment the parties have stipulated that the insured, Pollock, is legally liable for the City's Claims." *Id.* at 14. Defendant argues these cases are not controlling because each reached a resolution "that specified the final damages amount that the insured had become legally obligated to pay" while "[n]o such resolution between [Plaintiff] and the City has been reached." Resp., ECF 49 at 10.

This Court agrees that these cases are distinguishable on the issue of damages. As Plaintiff and Defendant both point out, a specified amount of final damages Pollock is liable for has not yet been determined, as it was in *Fountaincourt* and *Hospitality Management*. But as Plaintiff's Reply makes clear, he "is not seeking partial summary judgment for any specific amount of damages." Reply, ECF 51 at 7. Instead, he "seeks only to declare as a matter of law and undisputed fact that [Defendant] has a duty to indemnify him." *Id.* The parties agree that there remain genuine issues of fact as to the amount of damages Pollock is liable for. This Court does not opine on that issue, which is to be decided at trial.

Nonetheless, these cases provide a basis for finding that the Parties' underlying stipulation that Plaintiff is liable for the City's Claims establishes policy coverage triggering Defendant's duty to indemnify. In this case, a stipulated fact that expressly establishes a party's liability has the same effect of determining liability as a stipulated judgment or jury verdict. Thus, the parties' stipulation that Plaintiff is "legally liable" for the City's Claims—which includes damage to third-party property—establishes that Plaintiff is liable for damages under the policy, triggering Defendant's duty to indemnify, similar to the jury verdict in *Fountaincourt* and the stipulated judgment in *Hospitality Management*.

**CONCLUSION**

In summary, there are no genuine issues of material fact as to Defendant's duty to indemnify Plaintiff. Plaintiff has provided sufficient evidence to determine, as a matter of law and undisputed fact, that he is liable to the City for third-party property damage. The Parties have stipulated that Plaintiff is legally liable for the City's Claims, which order Plaintiff to remedy damage to his own property and third-party property. Because Plaintiff is legally liable to the City for third-party property, the owned property exclusion does not apply, and Plaintiff has established coverage that triggers Defendant's contractual duty to indemnify him against all legal liability for past and future costs resulting from the City's Claims.

For these reasons, this Court GRANTS Plaintiff's Motion for Partial Summary Judgment on the issue of Defendant's duty to indemnify, ECF 48. In accordance with this Court's scheduling order, ECF 52, the Parties are ordered to propose a trial date and pretrial filing deadlines within fourteen (14) days after this Order.

**IT IS SO ORDERED.**

DATED this 18th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge